

2022 CC 003829 - DAVIS, JACK vs. VECELLIO AND GROGAN INC

Print Summary (../DetailsPrint/2737069?digest=0L6ZKbKFZIEoHs12UW0YRA)

Summary History Payment Plans Charges Citations Bonds

## SUMMARY

**Judge:** [ I ] YOUNG, CHARLES P
**Case Number:** 2022 CC 003829
**Clerk File Date:** 7/19/2022
**Total Fees Due:** 0.00
**Agency Report Number:**
**Court Type:** COUNTY CIVIL
**Uniform Case Number:** 172022CC003829XXXXXX
**Status Date:** 7/19/2022
**Booking Number:**
**Custody Location:**
**Case Type:** COUNTY CIVIL - $15,001 - $30,000
**Status:** OPEN
**Waive Speedy Trial:**
**Agency:**
**Foreclosure:**

## PARTIES

| TYPE | PARTY NAME | ATTORNEY |
|---|---|---|
| PLAINTIFF | DAVIS, JACK (/BMWebLatest/Party.aspx/Index/100909060?caseID=2737069&digest=k%2FBjLHIKr7zDhz4SAScJRg) | TALBOTT, JEREMIAH J (Main Attorney) (/BMWebLatest/Party.aspx/Index/141?caseID=2737069&digest=w%2B4dxmZQ3jxoUQD1pDD%2FFg) |
| DEFENDANT | VECELLIO AND GROGAN INC (/BMWebLatest/Party.aspx/Index/100909061?caseID=2737069&digest=COoZ35UMKZwAZFLGM%2B7aXA) | GORDON, NALANI ALESIA (/BMWebLatest/Party.aspx/Index/100919439?caseID=2737069&digest=OTDkUxkDYcxCVHnQVpR4JQ) |
| DEFENDANT | VECELLIO AND GROGAN INC (/BMWebLatest/Party.aspx/Index/100909061?caseID=2737069&digest=COoZ35UMKZwAZFLGM%2B7aXA) | FEICHT, ROGER W (/BMWebLatest/Party.aspx/Index/100919440?caseID=2737069&digest=xot1bMxC74rRdLAX%2BFLqOA) |

## EVENTS

| DATE | EVENT | JUDGE | LOCATION | RESULT |
|---|---|---|---|---|
| | | No Events | | |

## OUTSTANDING AMOUNT

| COUNT | CODE | DESCRIPTION | ASSESSMENT | PAID | WAIVED | BALANCE | PAYMENT PLAN / JUDGMENT | DUE DATE |
|---|---|---|---|---|---|---|---|---|
| | CC93 | ISSUANCE OF SUMMONS | $10.00 | $10.00 | $0.00 | $0.00 | | |
| | CC101 | CLAIMS FROM $15,001 TO $30,000 | $400.00 | $400.00 | $0.00 | $0.00 | | |
| | | | | Total Outstanding: | | $0.00 | | |

## RECEIPTS

| DATE | RECEIPT # | APPLIED AMOUNT |
|---|---|---|
| 7/20/2022 | 2022054622 | $410.00 |

## CASE DOCKETS

| IMAGE | DATE | ENTRY |
|---|---|---|
| Request | 8/30/2022 | NOTICE OF APPEARANCE OF COUNSEL AND DESIGNATION OF E-MAIL ADDRESSES |
| Request | 8/29/2022 | NOTICE OF APPEARANCE OF COUNSEL AND DESIGNATION OF E-MAIL ADDRESSES |
| 2 | 8/25/2022 | WAIVER AND ACCEPTANCE OF SERVICE ON BEHALF OF DEFENDANT VECELLIO AND GROGAN INC |
| 1 | 7/20/2022 | AMENDED ORDER REGARDING REQUIRED REPORTING EMAILED TO ATTORNEY |
| 1 | 7/20/2022 | SUMMONS ISSUED EMAILED TO ATTORNEY |
| 1 | 7/20/2022 | PAYMENT $410.00 RECEIPT #2022054622 |
| | 7/20/2022 | PLAINTIFF'S ATTORNEY: TALBOTT, JEREMIAH J ASSIGNED |
| | 7/20/2022 | YOUNG, CHARLES P: ASSIGNED |
| 9 | 7/19/2022 | COMPLAINT |
| 3 | 7/19/2022 | COVER SHEET |
| | 7/19/2022 | CASE FILED 07/19/2022 CASE NUMBER 2022 CC 003829 |

EXHIBIT
A

Best viewed in 1366x768 or higher resolution. Copyright 2008 - 2017 Pioneer Technology Group All Rights Reserved.
2.6.3.18
Benchmark

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

_____

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIRST</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>ESCAMBIA</u>  COUNTY, FLORIDA

<u>Jack Davis</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>Vecellio and Grogan, Inc.</u>
 Defendant

_____

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☒ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.   TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☒ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  <u>1</u>

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jeremiah J Talbott</u>       Fla. Bar # <u>154784</u>
       Attorney or party              (Bar # if attorney)

<u>Jeremiah J Talbott</u>        <u>07/19/2022</u>
  (type or print name)         Date

**IN THE COUNTY COURT OF THE FIRST JUDICIAL CIRCUIT**
**IN AND FOR ESCAMBIA COUNTY, FLORIDA**

| | |
|---|---|
| **JACK DAVIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **CASE NO.:** |
| | ) |
| **VECELLIO AND GROGAN, INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | / |

## C O M P L A I N T

COMES NOW, Plaintiff, JACK DAVIS, by and through undersigned counsel, and sues VECELLIO AND GROGAN, INC. (DEFENDANT) under the Fair Labor Standards Act, and alleges as follows:

### JURISDICTION AND VENUE

1.     This is an action for lost wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* which meet the jurisdictional limits of this Court.

2.     Venue is proper in this Court as the Defendant resides in and does business within this County. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred in Escambia County, Florida.

### PARTIES

3.     VECELLIO AND GROGAN, INC. is a West Virginia company that regularly conducts and transacts business in Florida, including Escambia County, Florida and various other counties in the State of Florida.

4.     As part of its business, VECELLIO AND GROGAN, INC. provides new construction and widening of major roads, highways, interstate sections, complex interchanges and airport runways and taxiways.

5.     VECELLIO AND GROGAN, INC. regularly engages in, conducts, and/or transacts business in the State of Florida, including in Escambia County, Florida. VECELLIO AND GROGAN, INC.'s primary client is a Florida based business.

6.     Plaintiff, JACK DAVIS, is a resident of the State of Florida and was DEFENDANT's employee in and around Escambia County, Florida during the three (3) years before the date on which this Complaint was filed.

7.     Plaintiff, JACK DAVIS, was employed by VECELLIO AND GROGAN, INC. from approximately September 20, 2021 to February 15, 2022.

## FACTUAL ALLEGATIONS

8.     At all times material herein, DEFENDANT is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

9.     DEFENDANT operates as a construction company, including new construction and widening of major roads, highways, bridges, interstate sections, complex interchanges and airport runways and taxiways which is part of interstate commerce.

COMPLAINT
*Jack Davis v. Vecellio and Grogan, Inc.*

Law Office of Talbott & Lampert, P.A.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **2** of **9**

10.     DEFENDANT, at all times material, has annual revenue of at least five hundred thousand dollars ($500,000.00) and is subject to the FLSA.

11.     During the three (3) years before the date on which this Complaint was filed, Plaintiff was employed by DEFENDANT.

12.     Plaintiff worked for DEFENDANT from approximately September 20, 2021 to February 15, 2022.

13.     At all times material, Plaintiff was DEFENDANT's "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

14.     At all times material, DEFENDANT employed Plaintiff and at least one additional employee who performed the same, or similar job as Plaintiff.

15.     In addition to the above described activity, DEFENDANT, as part of its business, would engage in interstate commerce by, but not limited to, transacting business with foreign corporations which were part of interstate commerce, purchasing equipment, materials, parts, and supplies from dealers, wholesalers, suppliers, and retailers outside the state of Florida which were part of interstate commerce; by advertising on the World Wide Web and other mediums to potential clients outside the State of Florida, and by transacting business across state lines, all of which are part of interstate commerce.

COMPLAINT
*Jack Davis v. Vecellio and Grogan, Inc.*

Law Office of Talbott & Lampert, P.A.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **3** of **9**

16.    Furthermore, DEFENDANT obtained, exchanged, and sent/received funds to and from the State of Florida, used telephonic transmissions going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

17.    DEFENDANT, at all times material, supervised the operations of the business, including hiring and firing employees, determining compensation policies and procedures, setting work schedules for the employees, and providing work assignments for employees.

18.    At all times material herein, DEFENDANT controlled Plaintiff's day to day activities, supervised, and/or had operational control over Plaintiff. DEFENDANT was responsible for hiring Plaintiff, having the ability to terminate Plaintiff, setting Plaintiff's rate of pay, determining if the minimum wage or overtime was to be paid, determining if commission(s) were to be paid, setting Plaintiff's work schedule including the number of days and hours worked, determining and assigning Plaintiff's work duties, and supervising Plaintiff.

19.    Plaintiff was himself involved in interstate commerce as he working building bridges for the Defendant at various locations in the State of Florida.

20.    Plaintiff was classified as a "exempt" from overtime employee of DEFENDANT.

COMPLAINT
*Jack Davis v. Vecellio and Grogan, Inc.*

Law Office of Talbott & Lampert, P.A.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **4** of **9**

21.     Plaintiff was misclassified as an "exempt" from overtime employee and should have been paid overtime.

22.     Plaintiff worked the number of hours required by DEFENDANT but was not paid for each and every hour worked during a work week.

23.     DEFENDANT suffered and permitted Plaintiff to work as its employee, but did not pay the appropriate rate for all work that Plaintiff performed for DEFENDANT.

24.     Plaintiff frequently worked over forty (40) hours in a work week for DEFENDANT but was not paid overtime compensation by DEFENDANT for all those hours worked over forty (40) in a work week.

25.     DEFENDANT was involved in, and responsible for, paying Plaintiff for work performed.

26.     Plaintiff sent correspondence to Defendant in an effort to resolve this matter prior to filing suit, but Defendant failed to resolve this matter.

27.     The records concerning the hours worked by Plaintiff are in the exclusive possession and sole custody and control of DEFENDANT. Therefore, Plaintiff is unable to determine and state the exact amount of damages due.

28.     DEFENDANT is liable to Plaintiff under the FLSA as an employer.

COMPLAINT
*Jack Davis v. Vecellio and Grogan, Inc.*

Law Office of Talbott & Lampert, P.A.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **5** of **9**

29.    DEFENDANT's actions in failing and/or refusing to pay Plaintiff the applicable overtime compensation, as required by the FLSA, were willful and not in good faith.

30.    Because of DEFENDANT's failure/refusal to pay Plaintiff in accordance with the FLSA, Plaintiff has retained the undersigned attorneys to prosecute this cause of action for unpaid overtime wages under the FLSA.

## COUNT I

## FAILURE TO PAY OVERTIME UNDER THE FLSA

31.    Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty (30) above as if fully set forth herein.

32.    During the previous three-year period before this Complaint was filed, Plaintiff regularly worked at DEFENDANT's insistence, in excess of forty (40) hours per week.

33.    DEFENDANT hired Plaintiff in or about September 20, 2021.

34.    Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work week longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty hours at a rate not less than one and one-half times the regular rate of pay.

COMPLAINT
*Jack Davis v. Vecellio and Grogan, Inc.*

Law Office of Talbott & Lampert, P.A.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **6** of **9**

35. The Plaintiff's primary duty was to perform manual labor and construction work for the Defendant.

36. Defendant contends that the Plaintiff is exempt under the administrative exemption.

37. The Plaintiff is not exempt under the professional exemption.

38. The Plaintiff is not exempt under the Executive exemption

39. Plaintiff was misclassified as an exempt from overtime employee by the Defendant but should have been a non-exempt employee.

40. As such, Plaintiff was entitled to be paid at a rate one and one-half (1 ½) times the regular hourly rate for each hour worked in excess of forty (40) in a workweek.

41. DEFENDANT employed Plaintiff in excess of forty (40) hours in at least one work week without paying Plaintiff at a rate of one and one half (1 ½) times the regular rate of pay for all hours worked in excess of forty (40) in the work week as required by the FLSA, and thus has violated Plaintiff's rights under § 207 of the FLSA.

42. As a consequence of DEFENDANT's violation of the FLSA, Plaintiff is entitled to overtime pay for all hours worked in excess of forty (40) hours for each week employed by DEFENDANT.

43. DEFENDANT knew and was aware at all times that Plaintiff worked more than forty (40) hours per week without receiving the appropriate overtime compensation.

COMPLAINT
*Jack Davis v. Vecellio and Grogan, Inc.*

Law Office of Talbott & Lampert, P.A.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **7** of **9**

44.     DEFENDANT failed and/or refused to properly compensate Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a workweek.

45.     DEFENDANT knew, or showed reckless disregard for the fact, that its failure to pay Plaintiff as alleged herein was in violation of the FLSA.

46.     The actions of DEFENDANT complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

47.     Because of DEFENDANT's actions, Plaintiff had to retain counsel, and is entitled to recover attorneys' fees and costs connected with this suit.

48.     As a result of the unlawful acts of DEFENDANT, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff, JACK DAVIS, by and through his attorneys, demands judgment against DEFENDANT and in favor of Plaintiff for a sum that will properly, adequately and completely compensate Plaintiff for the nature, extent and duration of Plaintiff's damages, the costs of this action and as follows:

A.      Declare and find that DEFENDANT willfully violated overtime provisions of the FLSA.

COMPLAINT
*Jack Davis v. Vecellio and Grogan, Inc.*

Law Office of Talbott & Lampert, P.A.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **8** of **9**

B.      Award unpaid wages in an amount to be determined at trial for DEFENDANT's violation of the overtime provisions of the FLSA;

C.      Award liquidated damages under the FLSA on all compensation due accruing from the date such amounts were due;

D.      Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

E.      Grant leave to amend to add claims under applicable laws;

F.      For such further relief as the Court deems just and equitable.

## PLAINTIFF DEMANDS A TRIAL BY JURY

DATED this 19th day of July, 2022.

Respectfully submitted,

/s/ Jeremiah J. Talbott
JEREMIAH J. TALBOTT, ESQ.
FL Bar No. 015484
TRAVIS P. LAMPERT, ESQ.
FL Bar No. 0099843
Law Office of Talbott & Lampert, P.A.
900 E. Moreno Street
Pensacola, Fla. 32503
(850) 437-9600 / (850) 437-0906 (fax)
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com
*Attorneys for Plaintiff*

COMPLAINT
*Jack Davis v. Vecellio and Grogan, Inc.*

Law Office of Talbott & Lampert, P.A.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **9** of **9**

## Escambia County Receipt of Transaction
### Receipt #     2022054622

**Cashiered by: arichards**

<div align="right">
Pam Childers<br>
Clerk of Court<br>
Escambia County, Florida
</div>

**Received From**

**TALBOTT, JEREMIAH J**
**900 E MORENO ST**
**PENSACOLA, FL  32503**

On Behalf Of:
JACK DAVIS
2016 CAROL STREET
NAVARRE, FL  32566

On:  7/20/22   3:18 pm
Transaction # 101706432

| CaseNumber  2022 CC 003829 | | | | | | |
|---|---|---|---|---|---|---|
| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
| (CC101) CLAIMS FROM $15,001 TO $30,000 | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (CC93) ISSUANCE OF SUMMONS | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| **Total:** | **410.00** | **0.00** | **0.00** | **410.00** | **410.00** | **0.00** |
| **Grand Total:** | **410.00** | **0.00** | **0.00** | **410.00** | **410.00** | **0.00** |

| PAYMENTS | | | | | | |
|---|---|---|---|---|---|---|
| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
| EFILING | 4406702 | OK | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |
| | **Payments Total:** | | **410.00** | **0.00** | **0.00** | **0.00** | **410.00** |

Credit Card Convenience fee of 3.5% is non-refundable.

**IN THE COUNTY COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA**

**JACK DAVIS**
              PLAINTIFF,

Vs.                                                        CASE NO:  **2022 CC 003829**
                                                          DIVISION:  **I**

  **VECELLIO AND GROGAN INC**
          DEFENDANT,

<div align="center">

**SUMMONS**

</div>

**THE STATE OF FLORIDA:**
**To Each Sheriff of the State:**

  **YOU ARE COMMANDED** to serve this summons and a copy of the complaint in the above styled
  cause upon the defendant **VECELLIO AND GROGAN INC  101 SANSBURY'S WAY WEST
  PALM BEACH, FL 33411**

Each defendant is hereby required to serve written defenses to said complaint on
          plaintiff's attorney(s), whose address is

          **JEREMIAH J TALBOTT**
          **900 E MORENO ST**
          **PENSACOLA, FL 32503**

within **20 days** after service of this summons upon you, exclusive of the day of service, and to file the
original of said written defenses with the Clerk of said Court either before service on said attorney or
immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded
in the complaint.

Witness, my hand and the seal of this Court on this **20th day of July, 2022**

PAM CHILDERS
CLERK OF THE CIRCUIT COURT

By: _____

          Deputy Clerk

\* Except when suit is brought pursuant to Section 768.28, Florida Statutes, if the State of Florida, one of
its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the
time to be inserted as to it is 40 days.  When suit is brought pursuant to Section 768.28, Florida Statutes,
the time to be inserted is 30 days.

CASUM2053P

**IN THE COUNTY COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA**
**CIVIL DIVISION**

**JACK DAVIS**
          Plaintiff,                                 CASE NO.:    **2022 CC 003829**

VS.                                            DIVISION:    **I**

**VECELLIO AND GROGAN INC**
          Defendant(s),

## AMENDED ORDER TO PLAINTIFF REGARDING REQUIRED REPORTING

THIS CAUSE, having come before the Court *sua sponte* upon the filing of this action and pursuant to First Judicial Circuit Administrative Order No. 2021-12, it is hereby,

ORDERED and ADJUDGED that the Plaintiff **shall** do the following:

1. Review and become familiar with First Judicial Circuit Administrative Order No. 2021-12 (Civil Case Management Plan).

2. Within 5 days of service of the complaint on the last of all named Defendants file a Notice of Final Service with the Court that includes the following:
   a. Notice that the last of all named Defendants to be served has been served and the date of said service.
   b. A proposal as to whether the case is complex under Fla. R. Civ. P. 1.201, streamlined, or general as defined in First Judicial Circuit Administrative Order No. 2021-12 and a statement as to whether the Defendant concurs in the proposed designation.

3. Upon filing the Notice of Final Service required in paragraph 2, the Plaintiff shall also send a copy of said Notice to the **assigned** Judge's Judicial Assistant via the Proposed Documents function of the ePortal.

4. Failure of the Plaintiff to strictly comply with this Order shall subject the Plaintiff to appropriate sanctions including, but not limited to, the striking of pleadings or dismissal of this action without prejudice.

**DONE AND ORDERED** in Chambers at Pensacola, Florida this 4th day of August, 2021

                                       **/s/ Jan Shackelford**
                                          JAN SHACKELFORD
                                      ADMINISTRATIVE JUDGE
                                      ESCAMBIA COUNTY

IN THE COUNTY COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR ESCAMBIA COUNTY, FLORIDA

JACK DAVIS,

       Plaintiff,

vs.                            CASE NO.: 2022 CC 3829

VECELLIO AND GROGAN, INC.,

       Defendant.

_____/

## WAIVER AND ACCEPTANCE OF SERVICE ON BEHALF
## OF DEFENDANT, VECELLIO AND GROGAN, INC.

    **COMES NOW,** the undersigned counsel **ROGER FEICHT, ESQ.,** and accepts service on behalf of the Defendant, VECELLIO AND GROGAN, INC. of the Complaint dated July 19, 2022 and acknowledges receipt thereof, and waives formal service by the Sheriff and any right the Defendant, VECELLIO AND GROGAN, INC., might have to object to defects of service of process upon it. Defendant, VECELLIO AND GROGAN, INC., will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for any objections based on a defect in the summons or in the service of the summons. Further, the undersigned counsel represents he has the authority to so accept service for the Defendant, VECELLIO AND GROGAN, INC., and agrees a response to the Complaint will be filed within sixty (60) days from the date of service by Plaintiff's counsel on August 24, 2022.

                                       */s/ Roger W. Feicht*_____
                                       Roger Feicht, Esq.
                                       Gunster
                                       Florida Bar No.: 84982
                                       777 South Flagler Drive, Suite 500 East
                                       West Palm Beach, FL 33401

Telephone No.: (561) 650-0729
rfeicht@gunster.com
*Attorney for Defendant*

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via e-mail to Catherine@talbottlaw.com and jjtalbott@talbottlawfirm.com on August 25, 2022.


_/s/ Roger W. Feicht_____
Roger Feicht, Esq.

ACTIVE:15971163.1

**IN THE COUNTY COURT OF THE FIRST JUDICIAL CIRCUIT**
**IN AND FOR ESCAMBIA COUNTY, FLORIDA**

JACK DAVIS,                                       CASE NO.: 2022 CC 3829

      Plaintiff,

v.

VECELLIO AND GROGAN, INC.,

      Defendant.

_____/

**NOTICE OF APPEARANCE AS COUNSEL AND**
**DESIGNATION OF E-MAIL ADDRESSES**

PLEASE TAKE NOTICE that Nalani Gordon of the law firm of Gunster, Yoakley &
Stewart, P.A., hereby files this Notice of Appearance as counsel for Defendant, VECELLIO AND
GROGAN, INC. Accordingly, please serve all pleadings, motions, objections, responses, notices
and any other court papers on the undersigned at the address listed below. In addition, the
undersigned hereby designates, pursuant to Florida Rule of Judicial Administration 2.516(b)(1),
the following e-mail addresses for the purpose of service of pleadings and other papers in this case:

      Primary E-Mail Address: ngordon@gunster.com
      Secondary E-Mail Address: eservice@gunster.com
      Secondary E-Mail Address: cstgeorge@gunster.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing document has been served upon
JEREMIAH J. TALBOTT, ESQ. and TRAVIS P. LAMPERT, ESQ., Law Office of Talbott &
Lampert, P.A., 900 E. Moreno Street, Pensacola, FL 32503 (jjtalbott@talbottlawfirm.com and

civilfilings@talbottlawfirm.com), by an automatic email generated by the Florida Courts E-Filing

Portal on August 29, 2022.

<div align="right">

/s/ Nalani Gordon
Nalani Gordon
Florida Bar No. 1010976
Gunster, Yoakley & Stewart, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone: (561) 655-1980
Facsimile: (561) 655-5677
Primary: ngordon@gunster.com
Secondary: eservice@gunster.com
Secondary: cstgeorge@gunster.com
*Attorney for Defendant, Vecellio and Grogan, Inc.*

</div>

ACTIVE:15979339.1

2

**IN THE COUNTY COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR ESCAMBIA COUNTY, FLORIDA**

JACK DAVIS,                                          CASE NO.: 2022 CC 3829

      Plaintiff,

v.

VECELLIO AND GROGAN, INC.,

      Defendant.
_____/

**NOTICE OF APPEARANCE AS COUNSEL AND
DESIGNATION OF E-MAIL ADDRESSES**

PLEASE TAKE NOTICE that Roger W. Feicht of the law firm of Gunster, Yoakley &

Stewart, P.A., hereby files this Notice of Appearance as counsel for Defendant, VECELLIO AND

GROGAN, INC.  Accordingly, please serve all pleadings, motions, objections, responses, notices

and any other court papers on the undersigned at the address listed below.  In addition, the

undersigned hereby designates, pursuant to Florida Rule of Judicial Administration 2.516(b)(1),

the following e-mail addresses for the purpose of service of pleadings and other papers in this case:

        Primary E-Mail Address: rfeicht@gunster.com
        Secondary E-Mail Address: eservice@gunster.com
        Secondary E-Mail Address: lhagan@gunster.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing document has been served upon

Jeremiah J. Talbott, Esq. and Travis P. Lampert, Esq., Law Office of Talbott & Lampert, P.A., 900

E.    Moreno    Street,    Pensacola,    FL    32503,    jjtalbott@talbottlawfirm.com    and

civilfilings@talbottlawfirm.com, *Counsel for Plaintiff*, by an automatic email generated by the

Florida Courts E-Filing Portal on August 30, 2022.

*/s/ Roger W. Feicht*
Roger W. Feicht
Florida Bar No. 84982
Gunster, Yoakley & Stewart, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone: 561-650-0729
Facsimile:  561-655-5677
Primary: rfeicht@gunster.com
Secondary: eservice@gunster.com
Secondary: lhagan@gunster.com
*Counsel for Vecellio and Grogan, Inc.*

ACTIVE:15979359.1